**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x

ONEIDA CANTOS,                         :

                Plaintiff,     :

-v-                                    :

                                      :

COMMISSIONER OF SOCIAL SECURITY,       :

                                      :

             Defendant.   :

------------------------------------ x

FEB 03 2022

MEMORANDUM DECISION
AND ORDER

19 Civ. 04269 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Oneida Cantos successfully brought this action against Defendant the Commissioner of Social Security under the Social Security Act, 42 U.S.C. SS 405(g), 1383(c)(3), to vacate the Commissioner's denial of Plaintiff's application for disability benefits and remand the case to the Social Security Administration ("SSA"). (*See* Memorandum Decision and Order, ECF No. 24.)  On December 4, 2020, Plaintiff moved the Court for an Order awarding attorneys' fees in the amount of $9,691.20, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  (Mot. for Attorneys' Fees, ECF No. 26.)  After preparing additional briefing on the issue of attorney fees, Plaintiff moved for an Order awarding attorneys' fees in the total amount of $10,125.90.  (Pl.'s Reply Mem., ECF No. 30.)

Before the Court is Magistrate Judge Stewart D. Aaron's December 26, 2020 Report and Recommendation (the "Report"), recommending that Plaintiff's motion for attorneys' fees be granted. (Report, ECF No. 31, at 7.)  Magistrate Judge Aaron advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections and preclude appellate review.  (*Id.* at 7.)  No objections were filed.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). Having reviewed the Report for clear error, this Court ADOPTS the Report in full.

The EAJA instructs a court to "award to a prevailing party... fees and other expenses...incurred by that party in any civil action...including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). (*See* Report at 2.) Such "fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate," capped at $125.00 per hour plus any adjustments for inflation. *Rosa v. Berryhill*, No. 16-CV-05661 (RLE), 2017 WL 3475682, at *3 (S.D.N.Y. Aug. 14, 2017). As the Report correctly explained, while the average range of hours approved for "routine" social security cases is between twenty and forty hours, numerous courts within the Circuit have awarded fees for hours in excess of the twenty to forty hour range. *E.g. Stewart v. Comm'r of Soc. Sec.*, No. 12-CV-3121 (AJN), 2014 WL 2998530, at *2 (S.D.N.Y. July 2, 2014). (Report at 3.) "Factors that may justify a larger award include the factual, substantive, and procedural complexity of the case[;]...the size of the administrative record[;]...and the efficacy of the attorney's efforts." *Id.* at *3.

2

Plaintiff seeks attorney fees for 49.2 hours of work at a rate of $207.00 per hour. (Report at 4-5.) The Commissioner solely contests the number of hours expended by Plaintiff's counsel. (*Id.* at 4.) The Commissioner argues that the Court should reduce Plaintiff's hours of work to the average twenty to forty hours for litigating "routine" social security cases within this Circuit given Berger's extensive experience in litigating these matters and the fact Plaintiff was previously represented by another attorney in Berger's office. (Report at 5.) However, Magistrate Judge Aaron was correct in finding that this was a non-routine SSA case justifying a departure from the average range of hours: the administrative record consisted of 945 pages, parties submitted briefings of twenty-five pages or more, and the Commissioner requested an extension of time and permission to file excess pages because of the extensive record. (Report at 5.) Plus, the Report did not err in finding that no matter an attorney's experience in litigating the issues before the Court, the Record was full of dense medical records that take time to read. (Report at 6.) Magistrate Judge Aaron's findings were well-reasoned and grounded in fact and law. Thus, the Court Adopts the Report in full.

## CONCLUSION

The Court GRANTS Plaintiff's motion for attorneys' fees in the amount of $10,125.90, (ECF No. 26.), and the Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York

**FEB 0 3 2022** 2022

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge